## Case No. 6,472.
### HIGGS et ux. v. HEUGH.
[3 Cranch, C. C. 142.] 1

Circuit Court, District of Columbia.  May Term, 1827.

TRIAL—CONTINUANCE—ABSENCE OF WITNESS.

Mr. Key, for defendant, objected that it did not appear, by the affidavit, what particular endeavors the plaintiffs had made to obtain the testimony of the witness.

---

HIGGS (HODGE v.).  See Case No. 6,558.

---

## Case No. 6,473.
### In re HIGH et al.

[3 N. B. R. 191 (Quarto, 46); 2 16 Pittsb. Leg. J. 193; 2 Am. Law T. 170; 2 Chi. Leg. News, 9; 1 Am. Law T. Rep. Bankr. 175.]

District Court, E. D. Michigan.  Sept., 1869.

BANKRUPTCY—CHATTEL MORTGAGE—LIEN—PROOF OF DEBT—ABANDONMENT OF SECURITY.

1. Chattel mortgagee petitioned to have his mortgage declared a valid and subsisting lien on property of bankrupts, and that the assignee be

1 [Reported by Hon. William Cranch, Chief Judge.]

2 [Reprinted from 3 N. B. R. 191 (Quarto, 46), by permission.]

ordered to surrender to him the mortgaged property. Assignee objected to the jurisdiction of the bankruptcy court until the mortgagee should prove his debt against the estate. Held, the court has concurrent jurisdiction with other tribunals to hear and determine the question of lien in the premises.

2. The mortgagee cannot prove his debt in bankruptcy unless he releases or surrenders the mortgaged property, or agrees with the assignee as to its value, so that he might prove for any excess of indebtedness over such value.

[Cited in Re Haskell, Case No. 6,191; Re Stansell, Id. 13,293.]

3. Before the choice of assignee, if such a mortgagee seeks to prove his debt, he must abandon his security; but, after appointment of assignee, he may prove for any balance of his debt, after deducting the value of the mortgaged property, as agreed upon with the assignee.

[In bankruptcy.  In the matter of William C. High and William B. Hubbard.]

WITHEY, District Judge.  Joseph Hubbard has filed his petition, asking that a chattel mortgage given by the bankrupts to petitioner to secure payment of the bankrupts' indebtedness to him, may be declared to be a valid and subsisting lien upon the property of bankrupts, and that the assignee in bankruptcy may be decreed to deliver the mortgaged property to petitioner, mortgagee. The assignee has answered the petition, proofs have been taken, and the cause is ready for hearing upon the petitions and proofs. But now comes the assignee and interposes an objection to the jurisdiction of the court in bankruptcy to hear the petition —because the petitioner has not proved his debt against the bankrupts' estate.

The exact question is, whether the mortgagee can obtain a standing before the court in the course of the litigation in the bankruptcy proceedings without first having proved his debt. Regarding the mortgage as bona fide, and a valid, subsisting lien upon the goods of the bankrupts, the goods being in possession of the assignee, if the mortgagee may not file his petition or bill to have the question of priorities and rights declared, then his remedy would be by action against the marshal, for taking the goods from his possession, or against the assignee for not surrendering on demand—in the appropriate form of remedy. But it is claimed by the assignee that a secured creditor may prove his debts, and then he will be in a position to apply to the court by petition, and have his rights declared.

Cases are cited to show that a secured creditor may prove his debt without surrendering the mortgaged property, and without a sale by the assignee of such property. It is contended that such has been and is the construction of sections 19, 20, and 22 of the bankrupt act [of 1867 (14 Stat. 525–527)], notwithstanding the prohibitory provisions. I think there is no real conflict between these sections, but I take an entirely different view

of them from that claimed by counsel for the assignee. Section 19 enacts that "all debts due and payable from the bankrupt may be proved against the estate of the bankrupt," and clause 2, § 20, declares that "if the property is not sold, or released and delivered up (to the assignee), the creditor shall not be allowed to prove any part of his debt." Now, before referring to section 22, I propose to show that there is no conflict between sections 19 and 20. They will harmonize by giving to clause 2, § 20, the exact effect it would have if it had been added to clause 1, § 19, as a proviso. Then the substance of clause 1, § 19, and clause 2, § 20, would read as follows: "All debts due and payable by the bankrupt may be proved and allowed against the estate of the bankrupt;" provided, "when the creditor has a mortgage or pledge of real or personal estate of the bankrupt * * * for securing the payment of a debt owing to him from the bankrupt, he shall be admitted as a creditor only for the balance of the debt, after deducting the value of such property, to be ascertained by agreement between him and the assignee, or by a sale thereof, to be made in such a manner as the court shall decide; or the creditor may release or convey his claim to the assignee upon such property, and be admitted to prove his whole claim. If the property is not sold, or released and delivered up, the creditor shall not be allowed to prove any part of his debt."

This last clause must not be regarded as preventing the secured creditor from proving the balance of his debt after deducting the value of the mortgaged property, whenever that value has been agreed upon between the creditor and assignee. This reading of clause 1, § 19, and clause 2, § 20, in connection, gives harmony to the two provisions. Now, what view is to be taken of section 22, the language of which would seem to contemplate proof by a secured creditor of his debt, with a view of participating in the choice of assignee. Clause 2, § 22, is this: "To entitle a claimant against the estate of a bankrupt to have his demand allowed, it must be verified by a deposition in writing, on oath, * * * setting forth * *. * whether any and what securities are held therefor, and whether any and what payments have been made thereon; that the sum claimed is justly due from the bankrupt to the claimant; that the claimant has not, nor has any other person for his use, received any security or satisfaction whatever, other than that by him set forth." And he is also to state what certain things have not been done, "whereby the vote of such creditor for assignee, or any action on the part of such creditor, or any other person, in the proceedings under this act, is, or shall be, in any way affected, influenced, or controlled."

It is obvious in my mind, that what is said in section 22, relating to a secured debt, is to be understood in view of the provisions of sections 19 and 20, to give the right to prove secured debts only when the secured creditor is in that position where by section 20 he may make such proof, not while he stands in an attitude of opposition to other creditors or to the estate of the bankrupt. If such creditor seeks to prove his debt before the choice of assignee, he must abandon his security. Whereas, if he seeks to prove his debt after the choice of assignee, he is to be permitted to do so when he has complied with the terms of section 20. As he has security, the policy of the act is to leave his rights to be settled after there is an assignee to contest his claims to the property and protect the estate. To hold otherwise would be to annul the positive language of section 20, declaring that, "if the property is not sold, or released, and delivered up, the creditor shall not be allowed to prove any part of his debt." Thus, to hold is not demanded by the various provisions of the act, and would be allowing the positive language of a statute to be repealed by a subsequent clause of the same act, and that by mere implication. The apparent want of harmony between those provisions is not of a character to require the courts to say there is any conflict, because in the views suggested they can be made to harmonize. Thus we see when the secured creditor may prove his debt in part. when the entire debt, and when he is prohibited from proving any part of his debt.

Now, the secured creditor who presents his petition to have his rights declared, in this case, occupies an attitude of opposition to the general creditors. and to the assignee, refusing as he does to release or surrender the mortgaged property, and no agreement having been arrived at between him and the assignee as to the value of the mortgaged property, so that if there be an excess of indebtedness over the value of property, he might prove for such excess. Standing thus he cannot prove his debt against the estate. Section 14 declares that a valid mortgage of property shall not be affected by the transfer of the bankrupt's estate to the assignee. What, then, is the interest of the assignee in the mortgaged property? A right of redemption, precisely what the right of the bankrupt was before the bankruptcy.

It will not be questioned, but an assignee in bankruptcy may by petition bring before the court any question involving rights between him as assignee. and other persons setting up an interest in the property of the defendants. This is a common practice, is summary, and on many accounts more desirable than the institution of a suit. which must be tried and determined according to the course and rules of the common law. I think section 1 gives the court in bankruptcy jurisdiction to hear and determine all ques-

tions of liens and priorities involving rights to the bankrupt's estate, and that jurisdiction may be invoked by a creditor claiming under a lien or mortgage as well as by the assignee. This jurisdiction is not exclusive, but concurrent with that of other tribunals. And generally when the proceeding is by a preferred creditor, notice on the assignee who represents the estate will be sufficient, without notice to the creditors, though exceptions might be allowed to this rule in some cases very properly. Supposing the petitioner to have a valid claim for the goods in question, he should be protected in his right. If the value is less than the debt secured, his possession and control should not be interfered with. But if the property exceeds in value the debt, the court may, on a proper showing, interfere to protect the surplus, so as to insure its coming to the general creditors—always seeing that the secured creditor is protected to the extent of his secured debt. I hold, that the objection made by the assignee is not well taken. The case will accordingly be for hearing on petition and proofs.

See In re Grinnell [Case No. 5,830], holding a secured creditor must prove his debt in bankruptcy before he can apply the security he holds to the payment of his claim.